

United States District Court
Southern District of Texas
FILED

MAR 1 9 2009

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| APPAREL PRODUCTION SERVICES, INC., | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. L-08-26 |
| INDIANA TRANSPORT, S.A. DE C.V. d/b/a INDIANA TRANSPORT and TRAFAGO FORWARDING, INC., | § § § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| APPAREL PRODUCTION SERVICES, INC., | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. L-08-62 |
| TRANSPORTES DE CARGA FEMA, S.A. DE C.V. and TRAFAGO FORWARDING, INC., | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending are Defendants' motions to determine and apply Mexican law (Dkt. No. 40 in L-08-26 and Dkt. No. 42 in L-08-62) and Defendants' motions to dismiss for <u>forum non conveniens</u> ("FNC") (Dkt. Nos. 24, 26 in L-08-26 and Dkt No. 29 in L-08-62). The Court considers these motions in a consolidated manner pursuant to its Order filed February 9, 2009.

1

## Background

Plaintiff filed each action against Defendants for damages sustained when two shipments of goods were stolen by highjackers in Nuevo Laredo, Mexico just after crossing the U.S.-Mexico border. Plaintiff Apparel Production Services, Inc. ("APS") allegedly was the "shipper" of the cargo in question. Defendant Trafago Forwarding, Inc. ("Trafago") allegedly was the "freight forwarder" responsible for getting the cargo from Laredo, Texas into Mexico. Defendants Indiana Transport, S.A. de C.V. ("Indiana") and Transportes de Carga FEMA, S.A. de C.V. ("FEMA") were the drayage companies selected by Trafago to carry the goods over the border. A third-party Mexican line haul carrier, selected by APS, was to carry the goods from Nuevo Laredo to Puebla/Xalapa. Just past Mexican Customs, both shipments were highjacked by unknown criminals.

Plaintiff seeks damages under the Carmack Amendment or, alternatively, under state tort and contract law. Defendants argue that Mexican law, not Carmack law, applies, and move for dismissal for forum non conveniens. Subject to these FNC motions, Defendants also move the Court to determine and apply Mexican law to APS's claims.

## Motion to Apply Mexican Law

Pursuant to Rule 44.1, Defendants move the Court to determine and apply Mexican law to Plaintiff's claims.

2

Plaintiff alleges both tort and contract claims, although most of the claims rest in tort.[1] However, Defendants only discuss Texas choice-of-law rules relative to Plaintiff's tort claims, ignoring their application to Plaintiff's contract claims.

This choice-of-law discussion is irrelevant if the Carmack Amendment is eventually found applicable, which is a central issue to the parties' pending summary judgment motions. However, if Carmack does not apply, then diversity jurisdiction exists and the Court must look to the choice-of-law rules of Texas, the state in which it sits. Vasquez v. Bridgestone/Firestone, Inc., 325 F.3d 665, 674 (5th Cir. 2003). Texas applies the "most significant relationship" test, as annunciated in the Restatement (Second) of Conflict of Laws ("the Restatement"). Gutierrez v. Collins, 583 S.W.2d 312, 318 (Tex. 1979).

A. Tort claims

The Restatement sections applicable to tort issues are §§ 6 and 145. Under § 145, the contacts to be considered:

   a) the place where the injury occurred,
   b) the place where the conduct causing the injury occurred,
   c) the domicil[e], residence, nationality, place of incorporation and place of business of the parties, and
   d) the place where the relationship, if any, between the parties is centered.

---

[1] Plaintiff's claims include: Carmack liability, common law negligence, res ipsa loquitur, two alternative contract breach claims, breach of bailment obligations, and violation of duty under standard of care. (See Dkt. No. 1.)

3

Restatement (Second) of Conflict of Laws § 145.

Considering these contacts, the Court concludes that Texas law applies. Defendants base their argument largely on the fact that the highjacking took place in Mexico. However, that fact constitutes only one of the contacts considered, and it likely will not be an issue at trial as none of the parties dispute the highjacking.[2]

The issues raised by Plaintiff's Complaint pertain more to the second contact, i.e., the place where the conduct causing the injury took place. Plaintiff alleges that the cargo was lost due to Defendants' negligent security procedures, delegation to sub-contracted carriers, instruction of others, handling, carriage, and/or selection of sub-contracted carriers and/or security providers. (Dkt. No. 1 at 4.) Most of this conduct occurred or began in Laredo, not in Nuevo Laredo.

The residence and business location of each party also tilts towards Texas. Plaintiff is a California corporation doing business in Laredo, Texas. Trafago is a Texas corporation with its principal place of business in Laredo, Texas. FEMA and Indiana are both Mexican corporations, but they have registered agents and offices in Laredo, Texas.

---

[2] "These contacts are to be evaluated according to their relative importance with respect to the particular issue." Restatement (Second) of Conflict of Laws § 145 (emphasis added).

4

Finally, the relationship between all these parties is centered or converges in Laredo, Texas, the place where the goods were received, warehoused, inspected, and dispatched.

B. <u>Contract Claims</u>

The Restatement sections applicable to transportation contract issues are §§ 6, 188, and 197. The contacts to be considered under § 188 include:

 a) the place of contracting,
 b) the place of negotiation of the contract,
 c) the place of performance,
 d) the location of the subject matter of the contract, and
 e) the domicil[e], residence, nationality, place of incorporation and place of business of the parties.

Restatement (Second) of Conflict of Laws § 188.

As to the transportation of goods, specifically, § 197 of the Restatement provides that:

> [t]he validity of a contract for <u>the transportation of . . . goods</u> and the rights created thereby <u>are determined</u>, in the absence of an effective choice of law by the parties, <u>by the local law of the state from which . . . the goods are dispatched</u>, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the contract and to the parties, in which event the local law of the other state will be applied.

Restatement (Second) of Conflict of Laws § 197 (emphasis added).

Section 6 identifies a number of factors relevant to determining which state has the more significant relationship with the parties and the contract:

5

a) the needs of the interstate and international systems,
b) the relevant policies of the forum,
c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
d) the protection of justified expectations,
e) the basic policies underlying the particular field of law,
f) certainty, predictability and uniformity of result, and
g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6.

Considering the forgoing principles, the Court finds that Texas contract law applies to Plaintiff's contract claims. Primary is the fact that the goods were dispatched from Laredo, Texas. See § 197. In addition, the alleged contract was negotiated partly in Texas via telephone, fax, or email, and presumably partly in California. Much of the performance envisioned by the contract (receiving, warehousing, inspecting, loading, dispatching, etc.) occurred in Laredo, whether the contract was for carriage from Laredo to Nuevo Laredo or from Laredo to Puebla/Xalapa. Also, as stated above, the residence and place of business of the parties centers mostly in Laredo, Texas, not Mexico.

C. Conclusion

If the Carmack Amendment is later found not to apply to these actions, Texas law applies to Plaintiff's tort and contract claims.

Forum Non Conveniens

Defendants carry the burden of persuading the Court that a lawsuit should be dismissed on <u>forum non conveniens</u> grounds. <u>DTEX, LLC v. BBVA Bancomer, S.A.</u>, 508 F.3d 785, 795 (5th Cir. 2007). Both parties apply the relevant FNC considerations of <u>DTEX</u> and <u>Gulf Oil v. Gilbert</u>, 67 S.Ct. 839, 843 (1947). Based on these factors, the Court makes the following conclusions.

A. <u>If Texas Law Applies</u>

If Texas law applies, a balance of the factors weighs in favor of this Court's continuing jurisdiction. As discussed above, Texas has the most significant relationship to the contested tort and contract issues. Any negligence claim is largely based on Defendants' conduct, which mostly occurred in Laredo and before entering Mexico. The same applies to any contractual claim. Most of the proof regarding these issues is discoverable in Texas. Moreover, Defendants do not provide concrete evidence that any key witnesses reside in Mexico. Trafago President Laura de la Miyar has averred that all "the potential witnesses . . . reside either in Laredo, Mexico, or the areas surrounding Laredo." (Dkt. No. 10, Ex. 1 ¶ 5.) Such a conclusory statement, which neither identifies the witnesses nor explains why they are material, is totally unpersuasive. The same affidavit shows that all of Trafago's employees work or reside in Laredo and that its documents, operations, offices,

7

and warehouses are in Laredo. (Id. ¶¶ 3-6.) This weighs against dismissal. As to FEMA and Indiana, they present no evidence of who their witnesses might be, except for affidavit testimony that Indiana's general manager lives in Laredo (Dkt. No. 24, Ex. P) while its driver associated with this case lives in Nuevo Laredo (id. Ex. Q).

B. **If the Carmack Amendment Applies**

To the extent the Carmack Amendment might apply, the balance of factors still weighs in favor of this Court's continuing jurisdiction. Because Defendants would be held to a strict liability standard, the security conditions of the trailers "and circumstances of the theft are irrelevant to the liability analysis."[3] Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., No. 02 Civ.5258(GEL), 2003 WL 22004895, at *8 (S.D.N.Y. Aug. 22, 2003). Proof of the remaining elements of a prima facie Carmack case can be conveniently discovered in/from Laredo. Also, most parties reside or conduct business in Laredo, and this Court is more familiar than a Mexican court with federal Carmack law. Therefore, after weighing the private and public interest

---

[3] Limited exceptions to the strict liability standard would be acts of God, of public enemy, of the shipper, or of public authority, in which case a negligence standard would apply. Missouri Pacific R.R. Co. v. Elmore & Stahl, 84 S.Ct. 1142 (1964). Only the public enemy exception has even been suggested, and resolution of that issue does not require a Mexican forum.

8

factors, the Court sees no need to transfer these cases to Mexico.

## Conclusion

Defendants' motions to determine and apply Mexican law (Dkt. No. 40 in L-08-26 and Dkt. No. 42 in L-08-62) are DENIED. Their motions to dismiss for <u>forum non conveniens</u> (Dkt. Nos. 24, 26 in L-08-26 and Dkt. No. 29 in L-08-62) are similarly DENIED.

DONE at Laredo, Texas, this 19th day of March, 2009.

_____
United States District Judge